

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2007

# USA v. Waters

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3840

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"USA v. Waters" (2007). *2007 Decisions*. Paper 222.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/222

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 06-3840

———————

UNITED STATES OF AMERICA

v.

MELVIN E. WATERS
Appellant

———————

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 05-cr-00436-1)
District Judge: Hon. William W. Caldwell

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2007

BEFORE: FISHER, STAPLETON and COWEN,
*Circuit Judges*

(Opinion Filed November 13, 2007 )

———————

STAPLETON, Circuit Judge:

Appellant Melvin E. Waters moved to suppress a handgun. The District Court held an evidentiary hearing at which the only witness was Andrew Cooper, a probation officer. Following the hearing, the District Court made the following findings of fact:

> Officer Cooper began supervising the Defendant in September 2004. During that time, he saw the Defendant once or twice a month at either Waters' work, his home, or at Cooper's office. On May 23, 2005, Cooper observed the Defendant on a street corner and decided to speak with him. Because Cooper rarely saw Waters outside his job or home, he believed that this would be a good opportunity to determine that the Defendant was in compliance with his probation restrictions. He exited his car and proceeded to engage Waters in what he termed a "regular probation conversation."
>
> Toward the end of the conversation, Officer Cooper asked the Defendant if he was in possession of any contraband. Waters did not respond to the question and dropped his head. Officer Cooper then asked the Defendant if he could search him for contraband and Waters failed to respond. The Defendant then turned and ran. Cooper attempted to stop him by grabbing Waters' jacket and shirt but the Defendant was able to rip out of his clothing and continue to flee.
>
> Officer Cooper chased the Defendant and Waters eventually stopped and surrendered to Officer Cooper. Prior to his stopping, the probation officer witnessed the Defendant throw an object that he believed to be a gun. A gun was found on the flat roof of a garage near the point at which Cooper saw the Defendant throw something.

App. at 9-10.

Waters concedes that a probationer may be searched and/or seized by his probation

officer if the latter has a "reasonable suspicion" of improper conduct.  Waters insists, however, that "Cooper had no reasonable suspicion that Waters was engaged in any improper activity."  Appellant's Br. at 11.

The District Court found as facts that before any search or seizure occurred Waters (1) declined to respond and dropped his head, thereby avoiding eye contact, when asked by his probation officer whether he was in possession of contraband, (2) declined to respond when then asked for consent to a search, and (3) "turned and ran."  At that point, we agree with the District Court that a probation officer in Cooper's position would have a reasonable suspicion that Waters might be in possession of something that violated the terms of his probation.

Accordingly, we will affirm the judgment of the District Court.